**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO JACOBO-DIAZ, AKA Eduardo Diaz Jacobo, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-72520 <br><br> Agency No. A200-551-424 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2021
San Francisco, California

Before:  W. FLETCHER and MILLER, Circuit Judges, and KORMAN,** District
Judge.

Eduardo Jacobo-Diaz, a native and citizen of Mexico, petitions for review of

the decision of the Board of Immigration Appeals affirming an immigration

judge's denial of his asylum application as time barred. Jacobo challenges the

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Board's conclusion that he has not established extraordinary or changed circumstances excusing his late application. *See* 8 U.S.C. § 1158(a)(2)(D). We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review a denial of asylum, except to the extent that our jurisdiction is limited by section 1252(a)(2). Because we have jurisdiction over only Jacobo's changed-circumstances claim, the petition is dismissed in part and denied in part.

1. We lack jurisdiction to review the agency's determination that Jacobo's PTSD was not an extraordinary circumstance excusing his failure to comply with the one-year deadline for filing an asylum application. We have jurisdiction to review an extraordinary-circumstances decision only if the facts are undisputed. *Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008) ("[O]ur jurisdiction over 'questions of law' as defined in the Real ID Act includes not only 'pure' issues of statutory-interpretation, but also application of law to undisputed facts, sometimes referred to as mixed questions of law and fact." (quoting *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007))).

Extraordinary circumstances are "events or factors directly related to the failure to meet the 1-year deadline," and include "[s]erious illness or mental or physical disability, including any effects of persecution or violent harm suffered in the past, during the 1-year period after arrival." 8 C.F.R. § 1208.4(a)(5)(i)-(vi). The agency concluded that Jacobo's PTSD was unrelated to his filing delay. That

2

determination is a factual one over which we do not have jurisdiction. *See*

*Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (holding that the court

lacked jurisdiction to review an underlying factual dispute as to whether financial

constraints and a language barrier, rather than mental health issues, explained a

filing delay). We therefore dismiss Jacobo's petition for review of the Board's

extraordinary-circumstances determination.

2.     Jacobo's changed-circumstances claim fails on the merits. Changed

circumstances are those "materially affecting the applicant's eligibility for asylum"

and may include, but are not limited to, changes in country conditions, changes in

applicable U.S. law, or activities in which the applicant has become involved that

may place him at risk if returned to the country of feared persecution. 8 C.F.R. §

1208.4(a)(4)(i)(A)-(C). Jacobo argues that the following changed circumstances

justify an exception to the filing deadline: cartel violence against relatives in

Mexico after his departure, his PTSD diagnosis, and his discovery that he was

ineligible for cancellation of removal. *See* 8 U.S.C. § 1158(a)(2)(D).

We have jurisdiction to review the Board's rejection of Jacobo's claim

because the underlying facts are undisputed. *See Ramadan*, 479 F.3d at 650. None

of the developments identified by Jacobo involves a change to his eligibility for

asylum; they are largely unrelated to "persecution or a well-founded fear of

persecution" that Jacobo has suffered or might suffer in the future. 8 U.S.C.

3

§ 1101(a)(42)(A). As the Board explained, Jacobo has not demonstrated changed

circumstances materially affecting his eligibility for asylum. We therefore deny the

petition for review with respect to the claim of changed circumstances.

**PETITION DISMISSED in part and DENIED in part.**